IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATT WILLIAMS AND ROXANE JOHNSON, § § § | |
| Plaintiffs, § § | |
| vs. § | CIVIL ACTION NO. 4:19-cv-00119 |
| § | |
| PENNYMAC LOAN SERVICES, LLC, ASSOCIATION, MORTGAGE REGISTRATION SYSTEMS, INC., SHAHID KHAN and ZINDAIDA FOMENKO (MERS), § § § § § § | |
| Defendants. § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants PennyMac Loan Services, LLC ("PennyMac") and Mortgage Electronic Registration Systems, Inc.[1] ("MERS") (collectively, "Defendants") remove this action from the 400th Judicial District Court, Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division, as follows:

### I.
### STATE COURT ACTION

1.      On January 3, 2019, Plaintiffs Matt Williams and Roxane Johnson filed their Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (Injunctive Relief) ("Petition") in the 400th Judicial District Court, Fort Bend County, Texas, styled: *Matt Williams and Roxane Johnson v. PennyMac Loan Services,*

---

[1] Improperly named Mortgage Registration Systems, Inc.

**NOTICE OF REMOVAL**                                                                                                    **PAGE 1**

*LLC Association, Mortgage Registration Systems, Inc., Shahid Khan, and Zinaida Fomenko (MERS)*; Cause No. 19-DCV-258393 (the "Lawsuit").

2. Plaintiffs allege that none of the required foreclosure notices were sent prior to foreclosure and that the deed of trust was not properly assigned from the originating mortgage company to PennyMac. Plaintiffs bring suit to quiet title, allege violations of the Texas Civil Practice and Remedies Code, and seek declaratory and injunctive relief, in addition to attorneys' fees. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

3. Defendants have not been served; therefore, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

## II.
## PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court, as the lawsuit is pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

5. The United States District Court for the Southern District of Texas, Houston Division, has original jurisdiction over this action based on diversity jurisdiction, as Defendants are now, and were at the time this action commenced, diverse in citizenship from Plaintiffs, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332(a).

6. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | Docket Sheet |
| **Exhibit D-1** | Case Summary |

| | |
|---|---|
| **Exhibit D-2** | Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (Injunctive Relief) |
| **Exhibit D-3** | Temporary Restraining Order |
| **Exhibit D-4** | Defendants PennyMac Loan Services, LLC and Mortgage Electronic Registration Systems, Inc.'s Original Answer and Affirmative Defenses |
| **Exhibit D-5** | Motion to Extend Temporary Restraining Order and Continuance of Hearing on Injunctive Relief |
| **Exhibit D-6** | Order |
| **Exhibit D-7** | Notice of Hearing |
| **Exhibit D-8** | Defendants Shahid Khan and Zindaida Fomenko's Original Answer and Affirmative Defenses to Plaintiffs' Original Petition |
| **Exhibit E** | Fort Bend Central Appraisal District Property Information |

7. Simultaneously with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal in the 400th Judicial District Court, Fort Bend County, Texas pursuant to 28 U.S.C. § 1446(d).

## III.
## DIVERSITY OF CITIZENSHIP

8. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiffs are not citizens of the same state as Defendants. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

A. **THERE IS COMPLETE DIVERSITY AMONG THE PARTIES**

9. Plaintiffs are natural people so their citizenship for diversity purposes is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the

intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV- 958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiffs are domiciled in Fort Bend County, Texas. *See* Pls.' Orig. Pet. ¶ 5. Thus, Plaintiffs are citizens of Texas.

10. PennyMac is a limited liability company. Thus, its citizenship for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). PennyMac is 100% owned by Private National Mortgage Acceptance Company, LLC ("PNMAC"). PNMAC is also a limited liability company and is owned by two corporations. PNMAC is approximately 32.5% owned by PNMAC Holdings, Inc., a Delaware corporation with a principal place of business located in California, and approximately 67.5% owned by PennyMac Financial Services, Inc., a Delaware corporation with a principal place of business located in California. A corporation is considered to be a citizen both of its state of incorporation and of its principal place of business. *See Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). Thus, PennyMac is a citizen of Delaware and California.

11. MERS is a citizen of Delaware and Virginia for diversity purposes. A corporation is considered to be a citizen both of its state of incorporation and of its principal place of business. *See Ill. Cent. Gulf R.R. Co.*, 706 F.2d at 637. MERS is a Delaware corporation with its principal place of business in Virginia. *See Clear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574 at *2 (5th Cir. Mar. 28, 2011); *Anderson v. CitiMortgage, Inc.*, No. 4:13-cv-369, 2013 WL 5303800 at *1 (E.D. Tex. Sept. 20, 2013). Thus, MERS is a citizen of Delaware and Virginia for diversity purposes. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).

12. Because Plaintiffs and Defendants are citizens of different states, there is complete diversity between the parties. *See* 28 U.S.C. § 1332(c)(1).

**B. SHAHID KHAN AND ZINAIDA FOMENKO HAVE BEEN IMPROPERLY JOINED AND THEIR CITIZENSHIP SHOULD BE DISREGARDED**

13. Shahid Khan ("Khan") and Zinaida Fomenko's ("Fomenko") citizenship should be disregarded for purposes of diversity jurisdiction because they are merely nominal parties that have been improperly joined. They purchased the Property at the foreclosure sale. The improper joinder doctrine is an exception to the complete diversity rule. *See, e.g., Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2001). The doctrine ensures "that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006)). "In other words, it allows a court to disregard the citizenship of an improperly joined defendant for purposes of determining diversity." *Adams v. Chase Bank*, No. 3:11-CV-3085, 2012 WL 2122175, at *2 (N.D. Tex. May 11, 2012), *rec. adopted*, 2012 WL 2130907 (N.D. Tex. June 12, 2012) (citing *Smallwood v. Ill. Cen. Rr. Co.*, 385 F.3d 568, 572 (5th Cir. 2004)).

14. To establish improper joinder, a party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 578 n.3 (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)); *see also Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009); *Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715, 719 (E.D. Tex. 2002). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, *unless* that showing compels dismissal of *all defendants*." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.

2005). "To prove improper joinder based on a plaintiff's inability to establish a cause of action against a non-diverse defendant, a removing defendant must demonstrate no possibility of recovery by the plaintiff against the in-state defendant; *i.e.*, no reasonable basis for predicting that the plaintiff might be able to recover against the in-state defendant." *Adams*, 2012 WL 2122175, at *2 (citing *Smallwood*, 385 F.3d at 572).

15. In determining whether a party has been improperly joined the district court should conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (citing *Smallwood*, 385 F.3d at 573). Notably, "'[a] mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder.'" *Smallwood*, 385 F.3d at 573 fn.9 (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 fn.4 (5th Cir. 2000).

16. Plaintiffs assert no causes of action against Khan and Fomenko. *See generally* Pl.'s Orig. Pet. On that ground alone, a finding of improper joinder is warranted.

17. But to the extent Plaintiffs assert a wrongful foreclosure claim against Khan and Fomenko, it fails as a matter of law. Borrowers that remain in possession of the property are precluded from recovering damages under a wrongful foreclosure claim. *See Barcenas*, 2013 WL 286250, at *7 (holding that under Texas law loss of possession is required to state a claim for wrongful foreclosure) (collecting cases); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.) ("[r]ecovery [on a wrongful foreclosure claim] is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property"); *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-CV-370, 2010 WL 1026968, at *2-3 (E.D. Tex. Feb. 16, 2010);

*Smith v. Nat'l City Mortg., USA*, No. A-09-CV-881 LY, 2010 WL 3338537, at *13 (W.D. Tex. Aug. 23, 2010); *Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009).  Further, Texas law is clear that to set aside, cancel, and rescind a foreclosure sale, a borrower is required to tender the full amount due under the note.  *See Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.—Fort Worth 1999, pet. denied); *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("Tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale.").  Nowhere in Plaintiffs' Original Petition do they allege that they tendered the full amount due and owing under the note.  *See generally* Pls.' Orig. Pet.

    18.    Generally, a party has an adequate remedy at law from an improper eviction judgment and may not seek injunctive relief against the eviction suit from the district court.  *See McGlothlin v. Kliebert*, 672 S.W.2d 231, 232-33 (Tex. 1984); *see also Rice*, 51 S.W.3d at 709, 712-13 (justice court decides right to immediate possession even though district court may later overturn that decision through suit to try title; justice court "is not deprived of jurisdiction" simply because parties dispute title but only if the determination of the right to immediate possession "necessarily requires" resolution of a title dispute); *Young Women's Christian Ass'n v. Hair*, 165 S.W.2d 238, 242-43 (Tex. Civ. App. – Austin 1942, writ ref'd w.o.m.) (if both title and possession are at issue, right of possession may be decided through eviction suit, while title is decided in district court; district court may enjoin justice or county court from adjudicating title but may not "enjoin the trial of the issue of possession in the forcible entry and detainer

suit"). Here, Plaintiffs are improperly seeking the Court to determine possession of the Property. *See* Pls.' Orig. Pet. ¶ 46.

19. Consequently, Khan and Fomenko's citizenship should be disregarded for purposes of diversity because they have been improperly joined. Plaintiffs do not even raise the "theoretical possibility" that any causes of action could be maintained against Khan and Fomenko. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-60 & n.8 (5th Cir. 1995) (citation omitted) (affirming denial of motion to remand, in part, on grounds that the plaintiff's complaint did not contain allegations that could support a claim against the non-diverse defendant); *see also Cantor*, 641 F. Supp. 2d at 611-12 (denying remand and disregarding the citizenship of the defendant upon finding that no reasonable basis existed for plaintiff's recovery). A "federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). "Whether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (citations omitted).

20. Here, the Court would be able to "enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable" in the absence of Khan and Fomenko. In light of the foregoing, no reasonable basis exists for Plaintiffs to recover against Khan and Fomenko in this matter. Therefore, Khan and Fomenko are nominal parties that have been improperly joined and their citizenship should be disregarded for removal purposes. This case is properly in federal court. *See Great Plains Trust Co.*, 313 F.3d at 313 (where nondiverse defendant is fraudulently joined, case properly in federal court).

## C.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

21.     Where there is complete diversity among parties, and where the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. § 1332(a).

22.     Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming district court's conclusion that it was "more probable than not" that damages were over $75,000 where the total amount of relief was not stated in the petition); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum].").

23.     The defendant can meet its burden if it is "facially apparent" from the petition that the claims probably exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Salazar v. Downey*, 3:12-CV-2656-M, 2012 WL 5389678, *2 (N.D. Tex. Nov. 5, 2012); *Watson v. Provident Life & Acc. Ins. Co.*, No. 3:08-CV-2065-G, 2009 WL 1437823, at *2 (N.D. Tex. May 22, 2009).

24.     Further, "[t]he amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin., LLC*, Civil Action No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009) (citing *Chambers v. Chase Home Fin., LLC*, Civil Action No. 3:06-CV-0695-G, 2006 WL 3086517, at *3 (N.D. Tex. Oct. 31, 2006)); *see also Tabaraz v. JPMorgan Chase Bank, N.A.*, No. H-12-1386, 2012 WL 3527081, at *2 (S.D. Tex. Aug 14, 2012) ("The amount in controversy is measured from the perspective of the plaintiff.") (citing

*Vraney v. Cnty. of Pinellas*, 250 F.2d 617, 618 (5th Cir. 1958)); *Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-cv-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (order denying motion to remand).

25.     Plaintiffs seek injunctive relief to prevent eviction from the property. *See* Temp. Restraining Order.  When injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation. *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Washington State Apple Adv. Comm'n*, 432 U.S. 333, 347 (1977)). In other words, "the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Farkas*, 737 F.3d at 341 (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

26.     "'When . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see, e.g., Copeland v. U.S. Bank Nat'l Ass'n*, 485 F. App'x 8, 9 (5th Cir. 2012); *Green v. Bank of Am., N.A.*, 2013 U.S. Dist. Lexis 66320, at *4-6 (E.D. Tex. Apr. 5, 2013) ("The right to be protected in this case is title to the subject property. . . . Where, absent judicial relief, Plaintiffs could be divested of all right, title, and interest to real property, the value of the injunctive relief is the current appraised fair-market value of the property."); *Hayward v. Chase Home Fin.*, LLC, 3:10-CV-2463-G, 2011 WL 2881298, at **4-5 (N.D. Tex. July 18, 2011) ("Thus, Hayward and Galvan's request for a declaration that quiets title to them calls into question a right to the property in its entirety and the amount in controversy is equal to the value of the property.").

27.     Here, by seeking to prevent foreclosure, Plaintiffs are calling into question a right to the property in its entirety. Therefore, the amount in controversy is the current appraised fair market value of the property. According to the Fort Bend Central Appraisal District, the current fair market value of the property is $266,450.00. *See* Ex. E.[2] Because the current fair market value of the property is greater than $75,000.00, the amount in controversy requirement is further satisfied.

28.     Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

## IV.
## CONCLUSION

WHEREFORE, Defendants remove this action from the 400th Judicial District Court, Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[2] Defendants respectfully request that the Court take judicial notice of the Fort Bend Central Appraisal District property valuation.

Respectfully submitted,

**LOCKE LORD LLP**

/s/ *Nicola M. Shiels*
**Thomas G. Yoxall ("Attorney-in-Charge")**
  State Bar No. 00785304
  S.D. Bar No. 16664
  tyoxall@lockelord.com
**Nicola M. Shiels**
  State Bar No. 24037489
  S.D. Bar No. 2936105
  nicola.shiels@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 (telephone)
(214) 740-8800 (facsimile)

**Kurt Lance Krolikowski**
  State Bar No. 24074548
  S.D. Bar No. 1146373
  kkrokikowski@lockelord.com
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following pursuant to the Federal Rules of Civil Procedure on January 11, 2019.

| | |
|---|---|
| Rhonda S. Ross | Amy L. Mitchell |
| 121 East 12th, Suite 6 | MITCHELL & DUFF, LLC |
| Missouri City, Texas 77008 | 210 Main Street |
| rhonda@rhondarossattorney.com | Richmond, Texas 77469 |
| | eservice@mitchellandduff.com |

/s/ *Nicola M. Shiels*
Nicola M. Shiels