IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATT WILLIAMS AND ROXANE JOHNSON, | § § § |
| Plaintiffs, | § § § |
| vs. | §   CIVIL ACTION NO. 4:19-cv-00119 § |
| PENNYMAC LOAN SERVICES, LLC, ASSOCIATION, MORTGAGE REGISTRATION SYSTEMS, INC., SHAHID KHAN and ZINDAIDA FOMENKO (MERS), | § § § § § § |
| Defendants. | § |

## MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants PennyMac Loan Services, LLC ("PennyMac"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Shahid Khan ("Khan"), and Zindaida Fomenko ("Fomenko") (collectively "Defendants") file this Motion to Dismiss and show the Court as follows:

### BACKGROUND

Plaintiffs Roxane Johnson ("Johnson") and Matt Williams ("Williams") ("Plaintiffs") bring this lawsuit against Defendants, challenging the foreclosure sale of the real property located at 1722 Crescent Oak Drive, Missouri City, Texas (the "Property"). Johnson obtained a loan secured by a Deed of Trust on August 30, 2013.[1] MERS, as beneficiary under the Deed of

---

[1] A certified copy of Deed of Trust is attached as <u>Exhibit A</u>. The Court may take judicial notice of the certified copy of the Deed of Trust because it is a matter of public record. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); Fed. R. of Evid. 201.

**MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR ATTORNEYS' FEES**             **Page 1**

Trust, assigned the Deed of Trust to PennyMac.[2]  On July 3, 2018, PennyMac foreclosed on the Property as a result of Johnson's default on her mortgage loan.[3]  On October 2, 2018, PennyMac sold the Property to Khan and Fomenko.[4]  At some point, the Property was purportedly leased to Plaintiff Matt Williams.[5]  Williams is no longer in the Property, as possession to the Property has been granted to Khan and Fomenko.[6]

## LEGAL STANDARD

Rule 12(c) allows a party to "move for judgment on the pleadings . . . after the pleadings are closed." Fed. R. Civ. P. 12(c). "The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)). Here, Plaintiffs have failed to state a plausible claim. As such, the Motion should be granted.

## ARGUMENTS AND AUTHORITIES

### A. Williams Does Not Have Standing to Assert Claims

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One

---

[2] A certified copy of the Transfer of Lien is attached as <u>Exhibit B</u>.  The Court may take judicial notice of the certified copy of the Transfer of Lien because it is a matter of public record.  *See Funk*, 631 F.3d at 783; Fed. R. Evid. 201.
[3] A certified copy of the Substitute Trustee's Deed is attached as <u>Exhibit C</u>.  The Court may take judicial notice of the certified copy of the Substitute Trustee's Deed because it is a matter of public record.  *See Funk*, 631 F.3d at 783 (5th Cir. 2011); Fed. R. of Evid. 201.
[4] A certified copy of the Special Warranty Deed is attached as <u>Exhibit D</u>.  The Court may take judicial notice of the certified copy of the Special Warranty Deed because it is a matter of public record.  *See Funk*, 631 F.3d at 783 (5th Cir. 2011); Fed. R. of Evid. 201.
[5] Pls.' Pet. ¶ 12.
[6] A true and correct copy of the Judgment entered in Case No. 18-JEV41-10242, in the Justice of the Peace, Precinct 4, Fort Bend County, Texas is attached as <u>Exhibit E</u>.  The Court may take judicial notice of the Judgment because it is a matter of public record.  *See Funk*, 631 F.3d at 783 (5th Cir. 2011); Fed. R. of Evid. 201.

element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). This requirement, like other jurisdictional requirements, is not subject to waiver and demands strict compliance. *Id.* at 819. To meet the standing requirement, Williams must show: (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of each Defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

Here, Williams lacks standing to assert any claims against Defendants relating to the Loan because he is not a party to the Loan and does not have possession of the Property.[7] Therefore, Williams lacks standing to assert any claims against Defendants relating to the Loan. Accordingly, all claims in this lawsuit brought by Plaintiff Mr. Properties relating to the Loan fail as a matter of law and should be dismissed. *See, e.g., See, e.g., Setzer v. Richards*, No. A-11-CA- 214 LY, 2012 WL 32943, at *3 (W.D. Tex. Jan. 5, 2012) (holding that plaintiff, who acquired interest in subject property by quitclaim deed, was not a party to the mortgage loan and lacked standing to complain about any alleged misconduct relating to the mortgage loan); *Lakiesha v. Bank of N.Y. Mellon*, No. 3:15-CV-0901-B, 2015 WL 5934439, at *3 (N.D. Tex. Oct. 9, 2015) (holding that plaintiff lacked standing to enforce rights under the subject note because she was not a party to the note).

### B. Plaintiffs' Claims Against "Defendants" Fail.

Plaintiffs' global and undifferentiated allegations against all Defendants fail to give Defendants adequate notice as to what they each allegedly did wrong as required under Rule 8 of

---

[7] Ex. A; Ex. E.

the Federal Rules of Civil Procedure. *See Twombly*, 550 U.S. at 555; *see also Chyba v. EMC Mortg. Corp.*, 450 F. App'x 404, 406 (5th Cir. 2011); *Washington v. U.S. Dep't of Housing & Urban Dev.*, 953 F. Supp. 762, 770 (N.D. Tex. 1996). Where a complaint simply lumps defendants together, as is the case here, and fails to distinguish their conduct, as is also the case here, any allegations against such defendants fail to give them adequate notice as to what they did wrong, and therefore, the pleading standards of Rule 8 are not satisfied.

Because it "is not possible for the Court to discern from the Petition which allegations are directed at which defendant," dismissal is warranted. *Bittick v. JPMorgan Chase Bank, N.A.*, No. 4:11-CV-812-A, 2012 WL 1372126, at *7 (N.D. Tex. Apr. 18, 2012) (dismissing claims where the plaintiff failed to distinguish between or among defendants); *Ford v. Cent. Loan Admin.*, No. 11-0017-WE-C, 2011 WL 4702912, *8 (S.D. Ala. Oct. 5, 2011) (holding that where a plaintiff "has endeavored to hedge her bets in [a pleading] by listing a vast array of statutory and common-law theories of liability, lumping them all together in conclusory, undifferentiated fashion," dismissal under Rule 12(b)(6) is appropriate). Throughout their Petition, Plaintiffs refer to Defendants globally but fail to allege specific conduct of each Defendant. As a result, Plaintiffs' claims should be dismissed.

### C. MERS Had Authority to Execute the Assignment.

Plaintiffs allege there was a break in the chain of title from the original lender to the Defendants because MERS did not have an ownership interest in the Note and Deed of Trust at the time of the Transfer of Lien.[8] The chain of title challenge, however, fails as a matter of law and does not support any claims in this lawsuit. Plaintiffs' argument that the MERS assignment is defective has been roundly rejected by Fifth Circuit precedent and Texas law. *See, e.g., Reed*

---

[8] *See* Pls.' Pet. ¶ 14.

*v. Bank of Am., N.A.*, No. H-15-2005, 2015 WL 7736642, *2 (S.D. Tex. Nov. 30, 2015).[9] When Johnson executed the Deed of Trust, she expressly agreed to MERS's designation as beneficiary in the Deed of Trust. As a result, MERS had the right to assign the Deed of Trust, and MERS did not need to have an interest in the Note to execute the Transfer of Lien. *See Bynane v. Bank of N.Y. Mellon*, Civ. Action No. H-15-2901, 2015 WL 8764272, at *5 (S.D. Tex. Dec. 15, 2015) (citations omitted). Therefore, Plaintiffs' contention that MERS does not have authority to execute the Transfer of Lien fails and does not support any claims in this lawsuit.

Further, even assuming Plaintiffs' allegations regarding MERS's authority to execute the assignment were well-pleaded, their challenge to the assignment of the Deed of Trust would still fail because they lack standing to assert such a challenge. "[A] contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal . . . ." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 226 (5th Cir. 2013). Plaintiffs' contention regarding MERS and its "alleged lack of authority [to execute the Transfer of Lien], even accepted as true, does not furnish [Plaintiffs] with a basis to challenge the [Transfer of Lien]." *Id.* Thus, Plaintiffs lack standing to complain of MERS's authority in executing the Transfer of Lien. *See id.*

### D. Texas Courts Have Repeatedly Rejected Plaintiffs' "Split-The-Note" Theory

Plaintiffs allege that Defendants lack authority to foreclose because they cannot prove they legally hold the Note or show proof of assignment.[10] In Texas, a deed of trust gives both

---

[9] *See also Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013); *Reece v. U.S. Bank Nat'l Ass'n*, No. 14-10176, 2014 WL 3843955, at *2 (5th Cir. Aug. 5, 2014); *Rojas v. Wells Fargo Bank, N.A.*, No. 13-50884, 2014 WL 2547770, at *3 (5th Cir. Jun. 6, 2014); *Warren v. Bank of Am., N.A.*, No. 13-10353, 2014 WL 1778994, at 3 (5th Cir. May 6, 2014); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 342 (5th Cir. 2013); *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *8 (Tex. App.—Austin Aug. 30, 2012, pet. denied).
[10] Pls.' Pet. ¶¶ 15-17.

the lender and the beneficiary of the deed of trust the right to invoke the power of sale, and the party seeking foreclosure does not need to possess the note. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Additionally, there is no requirement under Texas law that transfers of promissory notes be recorded. *See Harris Cty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 550 (5th Cir. 2015) ("Although deeds of trust are instruments that county clerks must record, promissory notes are not."). Therefore, Plaintiffs' allegation that Defendants did not have authority to foreclose because they cannot show transfers of the Note together with the Deed of Trust fails and does not support any claims in this lawsuit.

### E. The Fraudulent Lien Claim Fails As A Matter of Law

Plaintiffs allege Defendants violated Texas Civil Practice and Remedies Code 12.002.[11] Section 12.002 "prohibits a person from making, presenting, or using a document with knowledge the document is a fraudulent lien against real property." *Lassberg v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, No. 4:13-CV-577, 2015 WL 123756, at *5 (E.D. Tex. Jan. 8, 2015). To state a fraudulent lien claim, Plaintiffs must show "(1) the defendant made, presented, or used a document with knowledge it was a fraudulent lien, (2) the defendant intended that the document be given legal effect, and (3) the defendant intended to cause plaintiff physical injury, financial injury, or mental anguish." *Merritt v. Davis*, 331 S.W.3d 857, 860-61 (Tex. App—Dallas 2011, pet. denied); *Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 326–27 (5th Cir. 2014). Under Section 12.001(3), a "lien" is defined as "a claim in property for the payment of a debt and includes a security interest." Tex. Civ. Prac. & Rem. Code § 12.001(3).

A "majority of federal district courts have held that a document assigning a deed of trust does not qualify as a 'lien or claim' under Section 12.002." *Golden*, 557 F. App'x at 327 n.2. On that ground alone, the claim fails.

---

[11] *See* Pls.' Pet. ¶¶ 34-37.

**MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR ATTORNEYS' FEES**     **Page 6**

Additionally, the Fifth Circuit has also affirmed the dismissal of fraudulent lien claims where plaintiffs fail to adequately plead that defendants intended to cause physical injury, financial injury, or mental anguish. *See Harris Cnty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 556 (5th Cir. 2015). Plaintiffs' Complaint is devoid of factual allegations demonstrating that Defendants intended to cause Plaintiffs physical injury, financial injury, or mental anguish. *See Jolem, LLC v. Select Portfolio Servicing, Inc.*, Civil Action No. H-14-3301, 2015 WL 3823642, at *9 (S.D. Tex. June 18, 2015) (dismissing fraudulent lien claim, in part, because plaintiff failed to "allege any facts tending to show intent on the part of Defendants such that its claim could rise above the level of plausibility."). Consequently, the fraudulent lien claim fails as a matter of law and should be dismissed with prejudice.

### F. Plaintiffs' Suit to Quiet Title Claim Otherwise Fails

To state a quiet title claim, a plaintiff "must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). Further, a plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Id.* Additionally, "Texas courts have made clear that 'a necessary prerequisite to the … recovery of title … is tender of whatever amount is owed on the note.'" *Cook-Bell v. Mortg. Elec. Reg. Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012 (omissions in original).

In this case, the quiet title claim fails as a matter of law because Plaintiffs cannot demonstrate, as a matter of law, that they have superior title to the Property because any ownership interest they purportedly claim they had in the Property was wiped away by the foreclosure sale of the Property. *Id.* The quiet title claim also fails because the Petition is devoid

of any facts demonstrating that Plaintiffs have tendered the amount owed on the Note. Therefore, the quiet title claim fails as a matter of law and should be dismissed.

### G. The Request for Declaratory Relief Should Be Denied

Plaintiffs seek a declaratory judgment that Defendants did not have standing to foreclose.[12] As discussed above, however, Plaintiffs' lack of standing theory fails as a matter of well-established law. PennyMac had the authority to foreclose on the Property. Consequently, Plaintiffs' allegations regarding the authority to foreclose upon and sell the Property do not "raise a right to relief above a speculative level" or entitle such allegations to the presumption of truth. *Twombly*, 550 U.S. at 550; *Escuadra*, 2010 WL 3633009, at *6. Therefore, the request for declaratory relief should be denied.

### H. Plaintiffs' Claims Are Barred by Res Judicata

In a prior suit, claims nearly identical to Plaintiffs' claims were dismissed with prejudice by this Court.[13] Plaintiffs' claims are, therefore, barred by res judicata. The Fifth Circuit has adopted a four-prong test to determine whether claim preclusion bars the instant litigation: "the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits, and the same cause of action must be involved in both cases." *In re Paige*, 610 F.3d at 870 (internal citations omitted). There is no dispute that this Court has competent jurisdiction over the First Lawsuit. It is also clear that this Court entered final judgment on the merits in the First Lawsuit.

Further, the First Lawsuit and this lawsuit have sufficiently identical parties. The identity of parties element does not require that all parties in each lawsuit be identical. *Carey v. Sub Sea Int'l, Inc.*, 121 F. Supp. 2d 1071, 1074 (E.D. Tex. 2000). While Williams was not a

---

[12] *See* Pls.' Pet. ¶ 24.
13 Cause No. 4:18-cv-2988 at Docket Entries 1-9 and 19.

**MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR ATTORNEYS' FEES**     **Page 8**

party to the First Lawsuit, there can be no doubt that he is in privity with Johnson in that he and Johnson were both disputing whether Defendants had rightful possession of the Property. *Witherspoon v. Specialized Loan Servicing LLC*, CV H-17-2675, 2018 WL 2985893, at *3 (S.D. Tex. Apr. 12, 2018) ("[P]arties are identical or in privity for res judicata purposes when the parties 'share an identity of interests in the basic legal rights that is the subject of the litigation.'").

.Lastly, the same cause of action is involved in this lawsuit and the First Lawsuit. The same cause of action is involved when "the two actions under consideration are based on 'the same nucleus of operative facts' rather than the type of relief requested, substantive theories advanced, or types of rights asserted." *In re Paige*, 610 F.3d at 872. This "transactional test extends the prior judgment's preclusive effect to all potential claims of the plaintiff concerning 'any part of the transaction, or series of connected transactions, out of which the original action arose.' A subsequent claim is thus barred if it arises out of the 'same nucleus of operative facts.'" *Maxwell v. U.S. Bank Nat. Ass'n*, 544 F. App'x 470, 472 (5th Cir. 2013) (quoting *In re Paige*, 610 F.3d at 872). There can be no dispute that all of Plaintiff's prior lawsuits focused on the Loan. In fact, in the First Lawsuit and Fourth Lawsuit, Plaintiff specifically complained that the Loan was based on a negative amortization schedule—an allegation that is the crux of Plaintiff's claim in this proceeding. As such, the "same cause of action" requirement is satisfied, and Plaintiff's claims should be dismissed with prejudice. *See, e.g. In re Baudoin*, 981 F.2d 736, 743 (5th Cir. 1993) ("The contracts at issue are the very loan agreements which were the basis of the Bank's proof of claim in the prior bankruptcy. It is difficult to imagine a more common nucleus of operative facts.").

## I. Dismissal With Prejudice Is Appropriate

Although "a court should freely give [a party] leave" to amend pleadings "when justice

so requires," Fed R. Civ. P. 15(a), a court should deny leave to amend when the amendment, if granted, will be futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999). To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6); if an amendment would fail to state a claim upon which relief could be granted, the court may deny leave to amend. *See Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). As demonstrated herein, Plaintiffs' claims fails as a matter of law, and as a result, allowing them to file an amended pleading would be futile. Therefore, the Court should dismiss the lawsuit with prejudice.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court grant their Motion to Dismiss, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, dismiss all of Plaintiffs' claims as a matter of law, with prejudice. Defendants further request that the Court grant all other and further relief in law or in equity to which they may be entitled.

Respectfully submitted,

**LOCKE LORD LLP**

/s/ *Kurt Lance Krolikowski*
**Thomas G. Yoxall ("Attorney-in-Charge")**
  State Bar No. 00785304
  S.D. Bar No. 16664
  tyoxall@lockelord.com
**Nicola M. Shiels**
  State Bar No. 24037489
  S.D. Bar No. 2936105
  nicola.shiels@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 (telephone)
(214) 740-8800 (facsimile)

**Kurt Lance Krolikowski**
  State Bar No. 24074548
  S.D. Bar No. 1146373

  kkrokikowski@lockelord.com
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

**COUNSEL FOR DEFENDANTS WELLS FARGO BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

/s/ Amy L. Mitchell by perm, KLK
Amy L. Mitchell
Texas Bar No. 12560500
3206 East Autumn Run Circle
Sugar Land, Texas 77479
Tel. No.: (281) 300 7323
Email: amitchell.mandd @gmail.com

**COUNSEL FOR DEFENDANTS SHAHID KHAN AND ZINDAIDA FOMENKO**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served upon the following pursuant to the Federal Rules of Civil Procedure on April 26, 2019.

| | |
|---|---|
| Rhonda S. Ross | Amy L. Mitchell |
| 121 East 12th, Suite 6 | MITCHELL & DUFF, LLC |
| Missouri City, Texas 77008 | 210 Main Street |
| rhonda@rhondarossattorney.com | Richmond, Texas 77469 |
| | eservice@mitchellandduff.com |

      /s/ *Kurt Lance Krolikowski*
      Kurt Lance Krolikowski