IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATT WILLIAMS AND ROXANE JOHNSON, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:19-cv-00119 |
| PENNYMAC LOAN SERVICES, LLC, ASSOCIATION, MORTGAGE REGISTRATION SYSTEMS, INC., SHAHID KHAN and ZINDAIDA FOMENKO (MERS), | § § § § § § § | |
| Defendants. | § | |

## MOTION FOR SANCTIONS

Rhonda Ross ("Ross") has appeared as counsel in six separate lawsuits on behalf of Roxane Johnson ("Johnson") or Matt Williams ("Williams") in an attempt to stop PennyMac Loan Services, LLC ("PennyMac") from foreclosing and Shahid Khan ("Khan") and Zindaida Fomenko ("Fomenko") (collectively with PennyMac, "Defendants") from obtaining possession a home they own. Each of the suits Ross filed lacked merit and were filed in bad faith. This case is no exception—in it Ross filed claims that she knew had already been dismissed with prejudice by this Court.[1] Ross has wasted the resources of this Court, caused Defendants to needlessly incur tens of thousands of dollars in attorneys' fees, and betrayed her obligations as a licensed attorney in Texas. Pursuant to 28 U.S.C. § 1927 and this Court's inherent powers, Defendants file this Motion for Sanctions and show the Court as follows:

---

[1] Cause No. 4:18-cv-2988; In the United States District Court, Southern District of Texas, Houston Division at Docket Entry No. 19 (hereinafter, the "First Lawsuit").

**MOTION FOR SANCTIONS**          Page 1

# BACKGROUND

**A. Ross has appeared in 6 lawsuits, all of which were meritless and aimed at preventing Defendants of exercising their rights.**

The lawsuits at issue in this case related to the real property located at 1722 Crescent Oak Drive, Missouri City, Texas (the "Property"). On August 30, 2013, Johnson obtained a loan (the "Loan") secured by a Deed of Trust, and that Loan encumbered the Property.[2] MERS, as beneficiary under the Deed of Trust, assigned the Deed of Trust to PennyMac.[3]

On July 3, 2018, PennyMac foreclosed on the Property as a result of Johnson's default on her mortgage loan.[4] But, on that same day, Anthony Welch ("Welch") recorded a General Warranty Deed (the "Warranty Deed"), purportedly transferring the Property, subject to PennyMac's lien, from Johnson to Mr. Properties, an unregistered d/b/a for Welch. Defendants are unaware as to whether the Warranty Deed is valid.[5]

Curiously, also on July 3, 2018, Ross first filed suit (the "First Lawsuit") against PennyMac on behalf of Johnson and "Mr. Properties."[6] After removal to federal court, on October 26, 2018, the First Lawsuit was eventually *dismissed with prejudice* on this Court's order.[7]

On September 11, 2018, while the First Lawsuit was pending, PennyMac filed suit to evict Johnson from the Property.[8] PennyMac obtained a default judgment for possession of the

---

[2] A true and correct copy of Deed of Trust is attached as <u>Exhibit A</u>.
[3] A true and correct copy of the Transfer of Lien is attached as <u>Exhibit B</u>.
[4] A true and correct copy of the Substitute Trustee's Deed is attached as <u>Exhibit C</u>.
[5] A true and correct copy of the General Warranty Deed is attached as <u>Exhibit D</u>. Interestingly, the signature on the Warranty Deed differs from the signature on the Deed of Trust. *See* <u>Exhibit A</u>.
[6] First Lawsuit at Docket Entry No. 1.
[7] First Lawsuit at Docket Entry No. 19.
[8] Original Petition in Cause No. 18-JEV41-10154; Justice of the Peace Precinct 4; Fort Bend County, Texas, a true and correct copy of which is attached as <u>Exhibit E</u>.

**MOTION FOR SANCTIONS**        Page 2

Property on October 1, 2018.[9] On October 2, 2018, PennyMac sold the Property to Khan and Fomenko.[10]

On November 1, 2018, after they purchased the Property, Khan and Fomenko discovered that it had been leased to Williams by "Lone Star Properties," an entity that did not own the Property and is not registered to do business in the State of Texas.[11] As evidenced by the fact that Welch filed the Lease with the Fort Bend County District Clerk and included a utilities bill in the filing that shows Welch as the customer and purported owner at that address, it is clear that "Lone Star Properties" is yet another[12] unregistered d/b/a Anthony Welch utilizes.[13]

Because Welch had illegally leased the Property to Williams, Khan and Fomenko had no choice but to file suit to evict Roxane Johnson ("Johnson"), as the predecessor owner, and all occupants from the Property.[14] After that eviction action resulted in a judgment in Khan and Fomenko's favor, Ross filed an appeal on Williams' behalf.[15] Upon information and belief, Welch, along with Ross, appeared at the appeal of the eviction before Judge Andrew Dornberg. After hearing argument of counsel and Welch, Judge Dornberg upheld the Justice Court's granting of the eviction and dismissal of the appeal.[16] Shortly thereafter, Williams settled with Khan and Fomenko and then dismissed his appeal. The Khans finally obtained possession of the Property on January 22, 2019.[17]

---

[9] Judgment of Possession in Cause No. 18-JEV41-10154; Justice of the Peace Precinct 4; Fort Bend County, Texas, a true and correct copy of which is attached as Exhibit F. The judgment was appealed on October, 10, 2018, but the appeal was dismissed on October 30, 2018.
[10] Exhibit C.
[11] Lease, a true and correct copy of which is attached as Exhibit G.
[12] Docket Entry No. 14-2 at pp. 1-2.
[13] Exhibit G.
[14] Complaint in Cause No. 18-JEV41-10242; Justice of the Peace Precinct 4; Fort Bend County, Texas, a true and correct copy of which is attached as Exhibit J.
[15] Cause No. 19-ccv-064042; County Court at Law No. 5, Fort Bend County, Texas.
[16] Notice to Withdraw Appeal, a true and correct copy of which is attached as Exhibit K.
[17] Docket Entry No. 14-1 at p. 5.

**MOTION FOR SANCTIONS** Page 3

On January 3, 2019, Ross filed this lawsuit on behalf of Johnson and Williams.[18] Even though the First Lawsuit was dismissed with prejudice, the allegations in this case are, for all intents and purposes, identical.[19] The claims are frivolous, and the legal theories have been debunked. Sadly, this is not a new tactic for Ross. She has abused the judicial process before by filing a second suit despite a prior dismissal with prejudice. *See, e.g., Witherspoon v. Specialized Loan Servicing LLC*, CV H-17-2675, 2018 WL 2985893, at *3 (S.D. Tex. Apr. 12, 2018) (dismissing second lawsuit arising out of the same claims).

### B. Ross has ignored this Court, wasted this Court's resources, and cost Defendants thousands of dollars.

#### a. Ross ignored this Court's orders in the First Lawsuit.

Ross has exhibited a pattern of ignoring this Court to Defendants' detriment. For instance, in the First Lawsuit, this Court ordered Ross to appear for an Initial Conference.[20] Ross failed to appear.[21] Curiously, after Ross failed to appear at the Initial Conference, Welch, who was purportedly represented by Ross but who is not an attorney, filed a Notice of Voluntarily Dismissal on behalf of both Plaintiffs, seeking to dismiss the First Lawsuit without prejudice.[22] The Court rightly did not permit it:

> The plaintiffs may not avoid a valid non-judicial foreclosure by making litigation so expensive that the lender will give in. By attempting to dismiss this case so they can refile in another forum, they are trying to do just that. This case is not dismissed.[23]

As evidenced by the filing of this Lawsuit, Ross did not heed the Court's warning.

After Ross failed to appear at the Initial Conference, the Court set a second hearing to

---

[18] Docket Entry No. 1-5.
[19] *Compare* Docket Entry No. 1-5 *with* Docket Entry 1-9 in First Lawsuit.
[20] First Lawsuit at Docket Entry No. 6.
[21] First Lawsuit at Docket Entry No. 10.
[22] First Lawsuit at Docket Entry No. 12.
[23] First Lawsuit at Docket Entry No. 14.

**MOTION FOR SANCTIONS**          **Page 4**

take place a few weeks later.[24] Brazenly, Ross again failed to appear in violation of the Court's Order.[25] On October 18, 2018, PennyMac and MERS filed a Motion to Dismiss,[26] and the Court dismissed the claims asserted by Ross, with prejudice, on October 26, 2018.[27]

      b. <u>In this lawsuit, Ross misrepresented facts to the Court and ignored the Court's orders.</u>

Ross's conduct in this suit has been even more egregious than her conduct in the First Lawsuit. At the initial conference, which took place on February 21, 2019, Ross represented to the Court that she is merely an "appearance attorney" for this case and that she had limited knowledge of the facts in this case.[28] The Court also inquired about Ross's relationship with Welch. When Ross was unable (or, perhaps, unwilling) to explain her relationship with Welch, the Court ordered her to provide specific information to counsel for Khan and Fomenko (the "Disclosure Order"):[29]

> **Management Order**
>
> 1. By February 28, 2019, Rhonda Ross must give Amy Mitchell (a) the names of the people with whom she has dealt, (b) her referral documents, and (c) all instructions given to her.
>
> 2. By February 28, 2019, Amy Mitchell must make a list of (a) the names of everyone who has appeared in a proceeding related to this case and (b) the event at which each person appeared.
>
> Signed on February 22, 2019, at Houston, Texas.
>
> Lynn N. Hughes
> United States District Judge

---

[24] First Lawsuit at Docket Entry No. 11.
[25] First Lawsuit at Docket Entry No. 17.
[26] First Lawsuit at Docket Entry No. 18.
[27] First Lawsuit at Docket Entry No. 19.
[28] Docket Entry No. 11.
[29] Docket Entry No. 12.

**MOTION FOR SANCTIONS**           **Page 5**

Ross failed to comply and provided nothing to Khan and Fomenko's counsel. Instead, she filed a letter with the Court in which she (1) indicated that she wished to dismiss Plaintiffs' claims, contradicted her representation to the Court that she was merely an "appearance attorney," and (3) in an utterly insufficient and tacitly disrespectful attempt to comply with the Disclosure Order, provided the only the names of Welch, Williams, and Johnson:[30]

> Dear Judge Hughes:
>
> This letter is written as a follow up to the initial conference which was held on February 21, 2019. This cause of action was filed by on behalf of the Plaintiffs with the Fort Bend County District Court and was subsequently removed by the Defendants to Federal Court. I misstated that I was the appearance attorney in this matter when in fact I am attorney of record for the Plaintiffs. My clients and contacts are as follows:
>
> Matt Williams
>
> Roxane Johnson
>
> Anthony Welch
>
> As stated, it is the desire of the Plaintiffs to dismiss this case.

Ross, in open court later, advised the Court that she did not file this letter and had no idea who did. If this is in fact true, then Ross wholly and flagrantly disregarded this Court's Disclosure Order by failing to provide any responsive documentation whatsoever. To date, Ross has not complied with the Disclosure Order.

More importantly, at the Initial Conference, the Court cautioned Ross about the impropriety of her actions. That warning went unheeded. Since the Initial Conference, Ross has filed 7 lawsuits in Harris County alone, all of which have similar allegations to this lawsuit and are likely similarly meritless.[31]

In addition to wasting the time and resources of this Court, Ross's actions have

---

[30] Docket Entry No. 13.
[31] Petitions in Lawsuits Filed Since Initial Conference, a true and correct copy of which is attached as <u>Exhibit J</u>.

**MOTION FOR SANCTIONS**          **Page 6**

needlessly cost Defendants thousands of dollars. Khan and Fomenko have incurred at least $24,806.00 in reasonable and necessary attorneys' fees in handling and defending the plethora of lawsuits related to the Property.[32] PennyMac, on the other hand, has incurred $30,299.30 in reasonable and necessary fees and $2,512.91 in costs.[33] The Court should award Defendants their fees and impose any other sanctions, as it sees fit. *Carroll v. Jaques*, 926 F. Supp. 1282, 1291 (E.D. Tex. 1996), aff'd sub nom. *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290 (5th Cir. 1997) (noting the Court has broad discretion in the form of sanction imposed, including but not limited to suspension of counsel or disbarment and a contempt citation).

## ARGUMENTS AND AUTHORITIES

**A. Ross has violated the disciplinary rules governing this Court.**

Attorney conduct in this Court is governed by the Texas Disciplinary Rules of Professional Conduct.[34] Ross has violated those rules on multiple occasions:

- Ross neglected "a legal matter entrusted" to her because by failing to appear when required in the First Lawsuit and by not knowing any facts about the case when she appeared in this lawsuit.[35]

- Ross neglected "a legal matter entrusted" to her by failing to abide by this Court's orders, including the Disclosure Order.[36]

- Ross brought a claim she could not "reasonably believe there is a basis for . . . that is not frivolous," given that the First Lawsuit was dismissed with prejudice and Ross filed this lawsuit anyway.[37]

- By filing multiple suits to avoid foreclosure and eviction, Ross took "a position that unreasonably increase[d] the costs . . . and unreasonably delay[ed] resolution of the matter."[38]

---

[32] Declaration of Amy Mitchell, a true and correct copy of which is attached as <u>Exhibit K</u>.
[33] Affidavit of Kurt Lance Krolikowski, a true and correct copy of which is attached as <u>Exhibit L</u>.
[34] Appendix A of Southern District of Texas Local Rule at Rule 1.
[35] Rule 1.01(b)(1) of Texas Disciplinary Rules of Professional Conduct.
[36] Rule 1.01(b)(1) of Texas Disciplinary Rules of Professional Conduct. A true and correct copy of the Texas Rules of Professional Conduct are attached as <u>Exhibit M</u>.
[37] Rule 3.01.
[38] Rule 3.02.

**MOTION FOR SANCTIONS**         Page 7

- Ross made "a false statement of material fact or law to" this Court when she represented to the Court that she was merely an "appearance attorney" for Plaintiffs and that she knew little (if anything) about this case only to later claim that she was actually "attorney of record" for Plaintiffs.[39]

Ross has shown a disregard for her profession in violation of her professional responsibilities, and she has acted in bad faith. Sanctions are warranted.

### B. Upon information and belief, Ross filed fraudulent documents.

Ross has been unable or has refused to explain her connection to Welch or to her purported clients, which is peculiar in and of itself. It appears that this relationship is at the core of the many infractions committed by Ross. Perhaps the explanation can be gleaned from the fact that many of Ross's filings show signs of potential fraud.

For instance, when this lawsuit commenced, Ross filed a Petition with a notarized verification from Williams:[40]



Not only does Williams' "signature" not look like a signature at all, but it also does not bear any resemblance whatsoever to the signature in the Lease filed in one of the prior lawsuits:[41]

---

[39] Rule 3.03(1); Docket Entry No. 13.
[40] Docket Entry No. 1-5.
[41] Exhibit H.

**MOTION FOR SANCTIONS**  Page 8



This is not an isolated incident. For instance, on August 20, 2018, Ross filed suit in the 458th Judicial District Court of Fort Bend County, purportedly acting on behalf of Claudia Gomez (the "Gomez Suit").[42] Like many of her other suits, the Petition in the Gomez Suit contains a verification purportedly signed by Claudia Gomez:[43]



But the signature in the Deed of Trust at issue in the Gomez Suit shows a completely different signature:[44]



In January of 2019, Ross filed suit in the 434th Judicial District Court of Fort Bend, Texas,

---

[42] Petition in the Gomez Suit, a true and correct copy of which is attached as Exhibit N.
[43] Exhibit N.
[44] Deed of Trust at issue in Gomez Suit, a true and correct copy of which is attached as Exhibit O.

**MOTION FOR SANCTIONS**          **Page 9**

purportedly on behalf of Jay S. Holder (the "Holder Suit").[45] Like the Gomez Suit the Holder Suit contains a verification, this time with a signature that purportedly belongs to Jay S. Holder. And like the signature in the Gomez Suit, the signature in the Holder suit bears no resemblance to the signature in the relevant Deed of Trust:[46]



In March of 2019, Ross filed suit in the 152nd Court of Harris County, Texas on behalf of William D. Moss (the "Moss Suit").[47] The Petition in the Moss Suit was "verified" by William D. Moss:[48]

> BEFORE ME, the undersigned authority, on this day personally appeared William D. Moss, who upon his oath deposed and stated that he has the authority to make this affidavit and the facts and allegations contained in the foregoing Petition for Emergency Injunction are true and correct and within his personal knowledge.

The purported verification in the Moss Suit does not even appear to be the signature of someone named "William D. Moss." Not surprisingly, it differs significantly from Moss's signature on the Deed of Trust associated with the Moss Suit:[49]

---

[45] Petition filed in Holder Suit, a true and correct copy of which is attached as Exhibit P.
[46] *Compare* Exhibit P to Deed of Trust at issue in Holder Suit at p. 15, a true and correct copy of which is attached as Exhibit Q.
[47] Exhibit J at p. 21.
[48] Exhibit J at p. 34.
[49] Deed of Trust Related to Moss Suit at p.8, a true and correct copy of which is attached as Exhibit R.

**MOTION FOR SANCTIONS**        Page 10

*Mr. William D Moss* (Seal)
MR. WILLIAM D MOSS    -Borrower

The evidence indicates that the signature on the verification in this case were forged, which would, of course, constitute a blatant disregard of Ross's duties as an attorney.

### C. The court should sanction Ross pursuant to 28 U.S.C. § 1927.

Ross should be sanctioned for her behavior. Under 28 U.S.C. § 1927, this Court "may impose reasonable fees on '[a]ny attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously.'" *PrinterOn Inc. v. BreezyPrint Corp.*, 93 F. Supp. 3d 658, 712 (S.D. Tex. 2015) (quoting 28 U.S.C. § 1927). "Sanctions awarded under Rule 11 and 28 U.S.C. § 1927 are reviewed for an abuse of discretion." *Meyers v. Textron Fin. Corp.*, 609 Fed. Appx. 775, 777 (5th Cir. 2015). For sanctions to be appropriate under 28 U.S.C. § 1927, Defendants must put forth "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, CIV.A. H-01-3624, 2013 WL 2189865, at *2 (S.D. Tex. May 16, 2013). There can be no doubt that Ross acted in bad faith, had an improper motive, and acted in reckless disregard of the duties she owes to this Court.

Here, there can be no doubt that Ross has "multiplied" the proceedings in this case unreasonably and vexatiously, particularly in light of the violations above. Ross has proceeded to represent Plaintiffs in at least six lawsuits, for the sole purpose of preventing Defendants from exercising their rights. Further, she filed this lawsuit for wrongful foreclosure even should she knew the First Lawsuit for wrongful foreclosure of the very same Property and virtually all of the same parties had been dismissed with prejudice.[50] As such, the claims in this lawsuit are barred by the doctrine of res judicata, as demonstrated in Defendants' Motion for Judgment on the

---

[50] First Lawsuit at Docket Entry No. 19.

**MOTION FOR SANCTIONS**         Page 11

Pleadings.[51]  *See Khan v. Wells Fargo Bank, NA*, CV 4:15-3210, 2017 WL 568337, at *5 (S.D. Tex. Feb. 13, 2017) (imposing sanctions for ignoring prior suits dismissed with prejudice).  Ross should be sanctions pursuant to 28 U.S.C. § 1927.

> **D. The Court should exercise its inherent powers to sanction Ross for her conduct.**

In the event the Court does not believe sanctions are appropriate under 28 U.S.C. § 1927, the Court should exercise its inherent powers to sanction Ross.  "When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *PrinterOn Inc. v. BreezyPrint Corp.*, 93 F. Supp. 3d 658, 712 (S.D. Tex. 2015) (citations omitted).  Sanctions are particularly appropriate "if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled," in which case "it may assess attorney's fees against the responsible party . . . ." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991) (internal citations and quotations omitted).  Here, this is certainly such a situation.  Ross has abused the justice system, ignored this Court's orders, and blatantly disregarded the obligations of her profession.  Her conduct is further highlighted by her insistence on continuing to file meritless suits despite this Court's admonitions.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court grant their Motion for Sanctions; award Khan and Fomenko $24,806.00 in reasonable and necessary attorneys' fees; award PennyMac $30,299.30 in reasonable and necessary fees and $2,512.91 in costs; and sanction Ross in any other manner the Court deems appropriate.  Defendants further request that the Court grant all other and further relief in law or in equity to which they may be entitled.

---

[51] Docket Entry at No. 21.

Respectfully submitted,

**LOCKE LORD LLP**

/s/ *Kurt Lance Krolikowski*
**Thomas G. Yoxall ("Attorney-in-Charge")**
  State Bar No. 00785304
  S.D. Bar No. 16664
  tyoxall@lockelord.com
**Nicola M. Shiels**
  State Bar No. 24037489
  S.D. Bar No. 2936105
  nicola.shiels@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 (telephone)
(214) 740-8800 (facsimile)

**Kurt Lance Krolikowski**
  State Bar No. 24074548
  S.D. Bar No. 1146373
  kkrokikowski@lockelord.com
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

**COUNSEL FOR DEFENDANTS PENNYMAC LOAN SERVICES, LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**


/s/ Amy L. Mitchell by perm. KLK
Amy L. Mitchell
Texas Bar No. 12560500
3206 East Autumn Run Circle
Sugar Land, Texas 77479
Tel. No.: (281) 300 7323
Email: texlawlady@gmail.com


**COUNSEL FOR DEFENDANTS SHAHID KHAN AND ZINDAIDA FOMENKO**

**MOTION FOR SANCTIONS** Page 14

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following pursuant to the Federal Rules of Civil Procedure on May 3, 2019.

| | |
|---|---|
| Rhonda S. Ross | Amy L. Mitchell |
| 121 East 12th, Suite 6 | MITCHELL & DUFF, LLC |
| Missouri City, Texas 77008 | 210 Main Street |
| rhonda@rhondarossattorney.com | Richmond, Texas 77469 |
| | eservice@mitchellandduff.com |

/s/ *Kurt Lance Krolikowski*
Kurt Lance Krolikowski

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Rhonda Ross via email regarding the foregoing Motion. Ms. Ross confirmed she is opposed to the relief sought.

/s/ *Kurt Lance Krolikowski*
Kurt Lance Krolikowski